Matthew M. Boley, Esq. (8536)
Benjamin J. Kotter (9592)
**PARSONS KINGHORN HARRIS, P.C.**
111 East Broadway, 11ᵗʰ Floor
Salt Lake City, UT  84111
Telephone:  (801) 363-4300
E-mail:  mmb@pkhlawyers.com
           bjk@pkhlawyers.com

*Proposed attorneys for* debtor-in-possession
CAMPERWORLD BUSINESS TRUST

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>**CAMPERWORLD BUSINESS TRUST**,<br><br>        Debtor. | Bankruptcy No. 15-20383<br><br>Chapter 11<br><br>Honorable William T. Thurman |

### DEBTOR'S APPLICATION FOR AUTHORITY TO EMPLOY
### MATTHEW M. BOLEY AND THE LAW FIRM PARSONS KINGHORN HARRIS, P.C.
### AS GENERAL BANKRUPTCY COUNSEL

CAMPERWORLD BUSINESS TRUST, debtor and debtor-in-possession (the "**Debtor**")

in the above-captioned chapter 11 case (the "**Case**"), applies pursuant to 11 U.S.C. § 327 and

Federal Rule of Bankruptcy Procedure 2014 for entry of an order authorizing it to employ

attorney **MATTHEW M. BOLEY** and the law firm **PARSONS KINGHORN HARRIS, P.C.**

(collectively, "**PKH**") as general bankruptcy counsel.

In support of this Application, the Debtor relies on the Verified Statement of Matthew M.

Boley attached hereto ("**Verified Statement**") and respectfully states as follows.

## I.      JURISDICTION AND VENUE

1.      The Court has jurisdiction to hear this Application pursuant to 28 U.S.C. §§ 1334

and 157.

2.      The Application represents a core proceeding pursuant to 28 U.S.C.

§§ 157(b)(2)(A) and (O).

3.      Venue of the Case and of the Application is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The legal predicates for the relief sought in this Application are 11 U.S.C. § 327 and Federal Rule of Bankruptcy Procedure 2014.

## II.      BACKGROUND

5.      The Debtor commenced the Case on January 20, 2015 (the "**Petition Date**") by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

6.      The Debtor continues to operate its business and manage its property as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

7.      No examiner or trustee has been appointed in this Case.

8.      The Debtor seeks to employ PKH to serve as general bankruptcy counsel in this chapter 11 reorganization.

9.      PKH's willingness to be employed as general bankruptcy counsel is contingent upon its receipt and retention of the Initial Retainer, and the Debtor's agreement to fund additional retainer amounts if it appears that the retainer funds will be exhausted.

10.      The Debtor requests approval to fund the retainer payments to PKH (a) from post-petition revenues and/or other property of the Debtor if funds are available, (b) from post-petition capital contributions earmarked solely for payment of retainer funds, which payments shall not be subject to disgorgement except to the extent PKH's fees are not allowed, and (c) from post-petition loans to the extent permitted by section 364 of the Bankruptcy Code and/or approved by the Court.

## III.      RELIEF REQUESTED

11.      Subject to the conditions specified above, the Debtor respectfully requests the entry of an order pursuant to section 327 of the Bankruptcy Code authorizing the Debtor to employ and retain PKH as general bankruptcy counsel, effective as of the Petition Date.

12.     The Debtor further requests entry of an order authorizing the Debtor to use post-petition revenues and other funds of the Debtor to pay additional retainer funds to PKH.

## IV.     BASIS FOR RELIEF REQUESTED

13.     PKH is a professional law corporation located in Salt Lake City, Utah.  The Debtor wishes to employ PKH because, among other reasons, PKH has extensive experience and expertise in bankruptcy law and chapter 11 business reorganizations.  In addition, PKH has experience and expertise in other commercial law areas which may be related to this Case, including real property law, contracts, commercial litigation, securities, general corporate law, taxation, corporate finance, intellectual property law and employment law.  The Debtor believes that PKH is qualified to represent it in this Case, and that the best interests of the Debtor and creditors would be served if PKH is authorized by the Court to be employed as the Debtor's general bankruptcy counsel.

14.     Further, PKH strives to provide a high level of legal services to its clients in a cost-effective and cost-efficient manner.  As demonstrated below, the hourly rates of PKH attorneys and paraprofessionals are highly competitive.  Further, PKH strives to manage case staffing in a manner to avoid unnecessary duplication and redundant billings.

15.     The professional services to be rendered by PKH for the Debtor in this Case include, but are not necessarily limited to, the following:

A.     advising the Debtor with respect to duties and powers under the Bankruptcy Code, Bankruptcy Rules and related laws;

B.     assisting the Debtor with respect to legal issues which may arise from time to time in this Case;

C.     if the Debtor deems appropriate and/or necessary, negotiating and preparing an asset purchase agreement and seeking entry of an order permitting the sale of assets pursuant to section 363 of the Bankruptcy Code, and related relief;

D.      negotiating and preparing a plan of reorganization, disclosure statement and all related agreements and/or documents, and taking any necessary action on behalf of the Debtor to obtain confirmation of such plan;

E.      assisting the Debtor in collecting, preserving and, if appropriate, disposing of assets;

F.      assisting the Debtor in determining the validity and amount of claims in the Case;

G.      advising and representing the Debtor with respect to causes of action which the Debtor may have against others;

H.      cooperating and coordinating with special litigation counsel; and

I.      rendering legal advice and services to the Debtor regarding such other matters as may arise from time to time in this Case.

16.     PKH has indicated its willingness to act on the Debtor's behalf in the capacities designated above, conditioned on entry of an order authorizing payment of the Retainer.

17.     The Debtor recognizes that, from time to time, it may be necessary or desirable to employ special counsel on specific matters and/or to employ conflict counsel to the extent any unforeseen conflicts of interest arise.  If that occurs, the Debtor will apply to this Court for permission to employ another law firm or attorney to represent it as special counsel on such matters in accordance with section 327(e) of the Bankruptcy Code.

18.     To the best of the Debtor's knowledge, PKH has no direct or indirect relationship to, connection with, or interest in the Debtor, any of the Debtor's creditors, any other party in interest, any of their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except as set forth in the declaration of Matthew M. Boley, which is attached as **Exhibit "B"**, and is executed on behalf of PKH in accordance with section 327 of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure.  The Debtor does not believe that any of the matters set forth in such

affidavit prevent PKH from serving as the Debtor's counsel in this case, based on the limitations and conditions explained in such declaration.

19.     PKH's statement of compensation paid or promised to be paid in this Case, executed in accordance with Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, is attached hereto as **Exhibit "C"** and is incorporated herein by this reference.

20.     Subject to Court approval and in accordance with the provisions of sections 327 through 331 of the Bankruptcy Code, the Debtor also seeks authority to compensate PKH at its customary hourly rates, plus actual and necessary expenses for which PKH typically seeks reimbursement, including, among other things, telephone and telecopier toll charges, express mail and mass mail postage charges, expenses for computerized research, transcription costs, courier services, travel costs where necessary.  The primary attorneys and paraprofessionals that may be designated to represent the Debtor and their current standard hourly rates are:

| | | |
|---|---|---|
| a. | Matthew M. Boley | $305.00 per hour |
| b. | George B. Hofmann | $310.00 per hour |
| c. | Steven C. Strong | $305.00 per hour |
| d. | Benjamin J. Kotter | $250.00 per hour |
| e. | Adam Reiser | $165.00 per hour |
| f. | Diane Haney[1] | $110.00 per hour |
| g. | Jennifer Hasty[2] | $100.00 per hour |
| h. | Tiffany Moss[3] | $ 50.00 per hour |

These hourly rates are subject to annual adjustment from time to time (usually as of January 1st each year) to reflect economic and other conditions, as well as counsel's experience and expertise in their respective areas of law.  In addition to those identified above, other attorneys

---

[1]     Diane Haney does not hold a paralegal certificate, but is a full time paralegal providing paraprofessional services for clients – primarily in bankruptcy related matters.

[2]     Jennifer D. Hasty does not hold a paralegal certificate, but has performed paralegal and/or other paraprofessional services in bankruptcy matters for over fifteen years.  Ms. Hasty provides secretarial and clerical services, which are not billed to clients.  Ms. Hasty also provides paraprofessional services to clients, including the Debtor, for which time records are kept and which are billed and compensated at the referenced hourly rate.

[3]     Tiffany Moss is a part time legal assistant and project assistant that provides both (a) secretarial and clerical services, which are not billed to clients, and (b)  paraprofessional services to clients, including the Debtor, for which time records are kept and which are billed and compensated at the referenced hourly rate.

and paralegals employed by PKH may serve the Debtor from time to time in connection with the matters herein described.  PKH will make periodic applications for interim compensation, and upon the completion of the case, a final application for final compensation.

21.     No agreement exists between PKH or any other person for the sharing of compensation to be received by PKH in connection with services rendered in this Case.

22.     PKH requested an initial retainer in the amount of $45,000 (the "**Initial Retainer**") in connection with bankruptcy services to be provided by PKH in connection with this Case.  The entire Initial Retainer was paid and delivered to PKH before the Case was filed.  The Initial Retainer was paid and delivered to PKH by the Debtor.

23.     Immediately before this Case was filed, the Initial Retainer was applied (a) in payment of the Debtor's filing fee ($1,717.00), and (b) in payment of the attorneys' fees and costs incurred to PKH through the date and time of the filing ($5,215.40).  The retainer funds applied in payment of court filing fees, reimbursements and pre-petition attorneys' fees on January 20, 2015 (immediately before the petition was filed) totaled $6,932.40, leaving unused retainer funds on deposit in the total amount of $38,067.60.

24.     PKH's agreement to serve as bankruptcy counsel is conditional.  Specifically, the Debtor has agreed to fund additional retainer amounts if it appears that the Initial Retainer will be exhausted.  The source of additional retainer payments will be the Debtor's property, post-petition revenues, capital contributions, gifts and/or post-petition loans; provided, however, that any post-petition loans will be subject to approval pursuant to section 364 of the Bankruptcy Code; and, provided further, that any use of cash collateral also will be subject to notice and opportunity for hearing.

25.     PKH will hold the Initial Retainer and any future retainer funds subject to application of the same for fees and costs in connection with the Case only upon entry of an order approving such fees and costs as an administrative expense of this Case.

26.     Pursuant to the terms of PKH's engagement, if the Debtor fails to provide additional retainer funds when due and/or requested, PKH may, in its sole discretion, file a

motion seeking permission to withdraw as counsel together with an application seeking approval

of compensation for services rendered and reimbursement of expenses to that point.

## V.    PRAYER FOR RELIEF

WHEREFORE, the Debtor asks that this Court enter an Order, in the form attached

hereto as **Exhibit "A"**, among other things:

A.    authorizing the Debtor immediately to employ PKH as general bankruptcy

counsel, effective as of the Petition Date at PKH's customary hourly rates, plus actual and

necessary expenses, subject to the provisions of sections 327 through 331 of the Bankruptcy

Code, the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court;

B.    authorizing the Debtor to fund the unpaid portion of the Initial Retainer and

additional retainer funds to PKH as described herein;

C.    approving this Application; and

D.    granting such other and further relief as the Court deems just and proper.

DATED this 26th day of January, 2015.

Respectfully submitted,

**CAMPERWORLD BUSINESS TRUST**

By  Diane Williams

Diane L. Williams
Its Authorized Signatory

# Exhibit "A"

**(Proposed form of Order)**

*Order Prepared and Submitted by:*

Matthew M. Boley, Esq. (8536)
Benjamin J. Kotter (9592)
**PARSONS KINGHORN HARRIS, P.C.**
111 East Broadway, 11th Floor
Salt Lake City, UT  84111
Telephone:  (801) 363-4300
E-mail:  mmb@pkhlawyers.com
            bjk@pkhlawyers.com

*Proposed attorneys for* debtor-in-possession
CAMPERWORLD BUSINESS TRUST

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>**CAMPERWORLD BUSINESS TRUST**,<br><br>       Debtor. | Bankruptcy No. 15-20383<br><br>Chapter 11<br><br>Honorable William T. Thurman |

## ORDER APPROVING DEBTOR'S APPLICATION FOR AUTHORITY TO EMPLOY MATTHEW M. BOLEY AND THE LAW FIRM PARSONS KINGHORN HARRIS, P.C. AS GENERAL BANKRUPTCY COUNSEL

This matter came before the Court upon the application of CAMPERWORLD BUSINESS TRUST, debtor and debtor-in-possession (the "**Debtor**"), for entry of an order authorizing the employment of **MATTHEW M. BOLEY** and the law firm **PARSONS KINGHORN HARRIS, P.C.** (collectively, "**PKH**") as general bankruptcy counsel (the "**Application**").  After reviewing the Application and such other matters in the file as the Court deemed appropriate, and after considering such other and further matters as the Court deemed appropriate, the Court hereby

**FINDS AND CONCLUDES** as follows:

A.      the Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334;

B.      this is a core proceeding pursuant to 28 U.S.C. § 157;

C.      notice of the Application was adequate and appropriate in accordance with 11 U.S.C. § 102(1);

D.      the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and

E.      retention of PKH is in the best interest of the Debtor and of the Debtor's estate.

WHEREFORE, based upon the Application, the representations of counsel in support of the Application and at the hearing on the Application, and the foregoing findings and conclusions it is hereby

**ORDERED** that:

1.      The employment of PKH for and on behalf of the Debtor, as outlined in the Application, shall be and the same hereby is approved.

2.      In addition to the retainer funds paid to PKH before this bankruptcy case was filed, the Debtor is authorized to pay additional retainer funds to PKH in the amounts and on the terms described in the Application (together with the retainer funds paid to PKH pre-petition, the "**Retainer**") from the Debtor's property, post-petition revenues, capital contributions, gifts and/or post-petition loans; provided, however, that the Debtor shall use reasonable business judgment in allocating funds of the estate in payment of professional fees in light of the other cash needs of the Debtor and its estate.

3.      This Order shall not be construed to authorize the Debtor to use cash collateral or to permit the Debtor to obtain post-petition financing, to the extent such use of cash collateral or loan would require court approval, after notice and opportunity for hearing.

4.     The Debtor may employ PKH as general bankruptcy counsel to represent the Debtor in the above-captioned Bankruptcy Case effective as of January 20, 2015, at PKH's customary hourly rates, plus actual and necessary expenses, subject to the provisions of 11 U.S.C. § 327(a), with compensation and reimbursement of expenses paid by the Debtor after appropriate notice and opportunity for hearing.

------------------------------------ END OF DOCUMENT ------------------------------------

# EXHIBIT "B"

**(Verified Statement of Matthew M. Boley
in Support of Application for Employment of Parsons Kinghorn Harris)**

Matthew M. Boley, Esq. (8536)
Benjamin J. Kotter (9592)
**PARSONS KINGHORN HARRIS, P.C.**
111 East Broadway, 11th Floor
Salt Lake City, UT  84111
Telephone:  (801) 363-4300
E-mail:  mmb@pkhlawyers.com
          bjk@pkhlawyers.com

*Proposed attorneys for* debtor-in-possession
CAMPERWORLD BUSINESS TRUST

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>**CAMPERWORLD BUSINESS TRUST**,<br><br>      Debtor. | Bankruptcy No. 15-20383<br><br>Chapter 11<br><br>Honorable William T. Thurman |

## VERIFIED STATEMENT OF MATTHEW M. BOLEY IN SUPPORT OF APPLICATION FOR EMPLOYMENT OF PARSONS KINGHORN HARRIS

**Matthew M. Boley, Esq.** deposes and states as follows:

1.      I make this verified statement pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure in support of the Application of CAMPERWORLD BUSINESS TRUST, debtor and debtor-in-possession (the "**Debtor**") to retain **MATTHEW M. BOLEY** and the law firm **PARSONS KINGHORN HARRIS, P.C.** (collectively, "**PKH**") as general bankruptcy counsel in the above-captioned chapter 11 bankruptcy case (the "**Case**").

2.      I am a member in good standing of the State Bar of Utah.  I am admitted to practice law in all of the State and Federal courts in the State of Utah.  I am an attorney associated with the law firm PKH, which is a professional law corporation headquartered in Salt Lake City, Utah.

3.      To the best of my knowledge and belief, formed after an initial review of PKH's business and client records, PKH is disinterested and has no current direct or indirect relationship

to, connection with or interest in the Debtor, any of the Debtor's creditors, any other party in interest, or any of their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.  In conducting this search, I directed that the names of all of the Debtor's known creditors, customers, vendors, officers and shareholders be searched in our firm's client data base.  These names were obtained from the Debtor.   As of the date of this application, our firm has tested roughly one-third of the names provided.  The search request is voluminous and my investigation is ongoing.

4.     Although a search of PKH's client records did not disclose any current client representations that may affect PKH's disinterestedness in this matter, several clients and former clients of PKH (the "**PKH Clients**") as more particularly identified on Schedule 1 attached hereto and incorporated herein by this reference, may have past or present business relationships with the Debtor and/or may be creditors and/or may be related to creditors of the Debtor's chapter 11 estate.  Except as otherwise disclosed in this Verified Statement, however, these representations do not and/or did not involve the Debtor or any matter substantially factually related to the Debtor or the instant case.  In short, PKH's client relationships do not constitute or create a conflict of interest and do not affect PKH's disinterestedness in this matter.

5.     In connection with the PKH Clients, (i) PKH has not, does not and will not represent any of the PKH Clients on any matters related to the Debtor or the instant bankruptcy case, (ii) absent express written consent from both clients, the attorneys at PKH representing the Debtor will not represent any of the PKH Clients on any matters that are substantially factually related to the Debtor so long as PKH is representing the Debtor in the Case, (iii) the services performed by PKH for the PKH Clients were not and/or are not related to the Debtor or to this Case, (iv) generally, PKH has limited engagements with the PKH Clients that permit PKH to represent parties adverse to the PKH Clients, so long as the new representation is not substantially factually related to the former representation by PKH of the PKH Clients, and

(vi) if a conflict of interest should develop in the future relating to one of the PKH Clients, then PKH will assist the Debtor in retaining special counsel to represent the Debtor in that matter.

6.      PKH has not agreed to represent the Debtor on a contingent fee basis.

7.      PKH has extensive experience and expertise in bankruptcy law and chapter 11 business reorganizations in the United States Bankruptcy Court for the District of Utah and in other jurisdictions.  Additionally, PKH has experience in other commercial law areas, including real property law, contracts, commercial litigation, securities, general corporate law, taxation, finance, environmental compliance and government contracting.

8.      I believe PKH is qualified to represent the Debtor in this Case.

9.      PKH has not agreed to share the compensation that may be awarded to it in this Case with any other person, attorney or entity, except with other members of PKH as is customary in a professional law corporation.

10.      PKH's agreement to serve as bankruptcy counsel is conditional.  Specifically, PKH requested an initial retainer in the amount of $45,000 (the "**Initial Retainer**").  The Initial Retainer was paid and delivered to PKH before the Case was filed.  The Initial Retainer was paid and delivered to PKH by the Debtor.

11.      PKH also has requested, and the Debtor has agreed to fund, additional retainer funds upon request in amounts necessary to cover previously incurred as well as anticipated fees. The Debtor anticipates that the additional/future retainer funds will be funded by the Debtor from the Debtor's property (excepting any property subject to valid and unavoidable pre-petition liens), post-petition revenues, capital contributions, gifts and/or post-petition loans.

12.      PKH will hold the Initial Retainer and any future retainer funds subject to application of the same for fees and costs in connection with the Case only upon entry of an order approving such fees and costs as an administrative expense of this Case.

13.      Immediately before this Case was filed, the Initial Retainer was applied (a) in payment of the Debtor's filing fee ($1,717.00), and (b) in payment of the attorneys' fees and

costs incurred to PKH through the date and time of the filing ($5,215.40).  The retainer funds applied in payment of court filing fees, reimbursements and pre-petition attorneys' fees on January 20, 2015 (immediately before the petition was filed) totaled $6,932.40, leaving unused retainer funds on deposit in the total amount of $38,067.60.

14.     PKH's willingness to represent the Debtor in this Case is contingent upon its receipt and retention of the Initial Retainer together with the additional retainer funds that the Debtor has agreed to fund on a post-petition basis, and upon entry of any necessary orders by the bankruptcy court to authorize the Debtor's use of the Debtor's revenues, property, capital contributions, gifts and/or post-petition loans to fund the retainer.

15.     Pursuant to the terms of PKH's engagement, if the Debtor fails to provide the retainer funds as and when due or otherwise requested, PKH may file a motion with the Court seeking permission to withdraw as counsel together with an application seeking approval of compensation for services rendered and reimbursement of expenses to that point.

16.     PKH will hold the funds on retainer, subject to application of the same for fees and costs in connection with the Case only upon entry of an order approving such fees and costs as an administrative expense of this Case.

17.     Subject to Court approval and in accordance with the provisions of sections 327 through 331 of the Bankruptcy Code, PKH shall be compensated at its customary hourly rates, plus actual and necessary expenses for which PKH typically seeks reimbursement, including, among other things, telephone and telecopier toll charges, express mail and mass mail postage charges, expenses for computerized research, transcription costs, courier services, travel costs where necessary.  The primary attorneys that may be designated to represent the Debtor and their current standard hourly rates are:

|   |   |   |
|---|---|---|
| a. | Matthew M. Boley | $305.00 per hour |
| b. | George B. Hofmann | $310.00 per hour |
| c. | Steven C. Strong | $305.00 per hour |

| | | |
|---|---|---|
| d. | Benjamin J. Kotter | $250.00 per hour |
| e. | Adam Reiser | $165.00 per hour |
| f. | Diane Haney[1] | $110.00 per hour |
| g. | Jennifer Hasty[2] | $100.00 per hour |
| h. | Tiffany Moss[3] | $ 50.00 per hour |

These hourly rates are subject to adjustment each year as of January 1st to reflect economic and other conditions, as well as counsel's experience and expertise in this area of law.  In addition to those identified above, other attorneys and paralegals employed by PKH may serve the Debtor from time to time in connection with the matters herein described.  PKH will make periodic applications for interim compensation, and upon the completion of the case, submit a final application for final compensation.

18.     PKH will continue to review its database for any actual or potential conflicts and reserves the right to supplement and amend this Verified Statement should it discover further pertinent relationships that require disclosure in this Case.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 26th day of January, 2015.

PARSONS KINGHORN HARRIS


/s/  Matthew M. Boley
Matthew M. Boley

---

[1]      Diane Haney does not hold a paralegal certificate, but is a full time paralegal providing paraprofessional services for clients – primarily in bankruptcy related matters.

[2]      Jennifer D. Hasty does not hold a paralegal certificate, but has performed paralegal and/or other paraprofessional services in bankruptcy matters for over seventeen years.  Ms. Hasty provides secretarial and clerical services, which are not billed to clients.  Ms. Hasty also provides paraprofessional services to clients, including the Debtor, for which time records are kept and which are billed and compensated at the referenced hourly rate.

[3]      Tiffany Moss is a part time legal assistant and project assistant that provides both (a) secretarial and clerical services, which are not billed to clients, and (b)  paraprofessional services to clients, including the Debtor, for which time records are kept and which are billed and compensated at the referenced hourly rate.

**SCHEDULE 1 TO VERIFIED STATEMENT OF MATTHEW M. BOLEY IN SUPPORT OF APPLICATION TO EMPLOY PARSONS KINGHORN HARRIS**

The following persons are former clients of the firm and are, or may be, creditors of the Debtor and/or parties against whom the Debtor holds claims (collectively, the "**Former Clients**"):

a. John Blake Taylor.

The following persons are current clients of PKH (the "**Current Clients**"):

b. NONE.

The Current Client may have past and/or present business relationships with the Debtor, formerly may have had claims against the Debtor and/or formerly may have been the subject of claims by the Debtor. To the best of PKH's knowledge and belief, after consulting with both the Debtor and the Current Clients, however, (i) none of the Current Clients currently holds, asserts or intends to assert a claim against the Debtor, (ii) the Debtor does not hold, assert or intend to assert a claim against any of the Current Clients, and (iii) none of the Current Clients holds an interest adverse to the Debtor or the chapter 11 bankruptcy estate.

DATED this 26th day of January, 2015.

PARSONS KINGHORN HARRIS

/s/  Matthew M. Boley
Matthew M. Boley

# EXHIBIT "C"

**(Statement of Matthew M. Boley Pursuant to
11 U.S.C. § 329 and Bankruptcy Rule 2016(b))**

Matthew M. Boley, Esq. (8536)
Benjamin J. Kotter (9592)
**PARSONS KINGHORN HARRIS, P.C.**
111 East Broadway, 11th Floor
Salt Lake City, UT  84111
Telephone:  (801) 363-4300
E-mail:  mmb@pkhlawyers.com
          bjk@pkhlawyers.com

*Proposed attorneys for* debtor-in-possession
CAMPERWORLD BUSINESS TRUST

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>**CAMPERWORLD BUSINESS TRUST**,<br><br>        Debtor. | Bankruptcy No. 15-20383<br><br>Chapter 11<br><br>Honorable William T. Thurman |

## STATEMENT OF MATTHEW M. BOLEY PURSUANT TO
## 11 U.S.C. § 329 AND BANKRUPTCY RULE 2016(b)

Matthew M. Boley, Esq., pursuant to the requirements of 11 U.S.C. § 329 and Rule

2016(b) of the Federal Rules of Bankruptcy Procedure, states as follows:

1.      The undersigned is an attorney associated with the law firm Parsons Kinghorn

Harris, P.C. ("**PKH**") which is the law firm proposed as the attorney for DO1, INC., debtor and

debtor-in-possession (the "**Debtor**") in the above-captioned chapter 11 case (the "**Case**").

2.      The compensation paid or agreed to be paid by or on behalf of the debtor to PKH

for legal services in this Case is as follows:

a.      The Debtor has provided to PKH an initial retainer in the amount of

$45,000 (the "**Initial Retainer**").

b.      PKH also has requested, and the Debtor has agreed to provide, additional

retainer funds upon request in amounts necessary to cover previously incurred as well as

anticipated fees.

c.      Subject to Court approval and in accordance with the provisions of sections 327 through 331 of the Bankruptcy Code, PKH shall be compensated at its customary hourly rates, plus actual and necessary expenses for which PKH typically seeks reimbursement, including, among other things, telephone and telecopier toll charges, express mail and mass mail postage charges, expenses for computerized research, transcription costs, courier services, travel costs where necessary.

d.      The Debtor incurred and paid fees and costs for pre-bankruptcy services to PKH (including services related to this bankruptcy filing and other related legal services), as follows:

i.      on January 19, 2015, the Debtor delivered the $45,000.00 Initial Retainer to PKH in the form of a certified check; and

ii.      as described in paragraph 2.e, below, the funds on retainer were applied in payment of all fees and costs incurred prior to the filing of the Case.

e.      On January 20, 2015, immediately before this Case was filed, the Initial Retainer was applied (a) in payment of the Debtor's filing fee ($1,717.00), and (b) in payment of the attorneys' fees and costs incurred to PKH through the date and time of the filing ($5,215.40).  The retainer funds applied in payment of court filing fees, reimbursements and pre-petition attorneys' fees on January 20, 2015 (immediately before the petition was filed) totaled $6,932.40, leaving unused retainer funds on deposit in the total amount of $38,067.60.

f.      PKH anticipates that additional retainer funds will be funded by the Debtor from the Debtor's property (excepting any property subject to valid and unavoidable pre-petition liens), post-petition revenues, capital contributions, gifts and/or post-petition loans; *provided, however,* that any post-petition loans will be subject to approval pursuant to section 364 of the Bankruptcy Code; and, *provided further,* that any use of cash collateral shall be subject to either consent or court approval, after notice and opportunity for hearing.

3.     The services rendered or to be rendered to the Debtor by PKH in this Case include, but are not limited to, the following:

A.     advising the Debtor with respect to duties and powers under the Bankruptcy Code, Bankruptcy Rules and related laws;

B.     assisting the Debtor with respect to legal issues which may arise from time to time in this Case;

C.     if the Debtor deems appropriate and/or necessary, negotiating and preparing an asset purchase agreement and seeking entry of an order permitting the sale of assets pursuant to section 363 of the Bankruptcy Code, and related relief;

D.     negotiating and preparing a plan of reorganization, disclosure statement and all related agreements and/or documents, and taking any necessary action on behalf of the Debtor to obtain confirmation of such plan;

E.     assisting the Debtor in collecting, preserving and, if appropriate, disposing of assets;

F.     assisting the Debtor in determining the validity and amount of claims in the Case;

G.     advising and representing the Debtor with respect to causes of action which the Debtor may have against others;

H.     cooperating and coordinating with special litigation counsel; and

I.     rendering legal advice and services to the Debtor regarding such other matters as may arise from time to time in this Case.

4.     As more fully described herein, the source of the payments made or to be made to PKH in this Case on behalf of the Debtor is the Debtor, or from the Debtor's assets.

5.     The undersigned has not shared or agreed to share, with any other person other than with members of PKH, any compensation that has or will be paid by or on behalf of the Debtor in this case.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED this 26th day of January, 2015.

**PARSONS KINGHORN HARRIS, P.C.**

/s/  Matthew M. Boley
Matthew M. Boley