Matthew M. Boley (8536)
Benjamin J. Kotter (9592)
**COHNE KINGHORN, P.C.**
111 East Broadway, 11th Floor
Salt Lake City, Utah 84111
Telephone: (801) 363-4300
Facsimile: (801) 363-4378
Email: mboley@cohnekinghorn.com
        bkotter@cohnekinghorn.com

*Proposed attorneys for debtor-in-possession Camperworld Business Trust*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| In re: | Bankruptcy Case No. 15-20383 |
|---|---|
| **CAMPERWORLD BUSINESS TRUST,** | Chapter 11 |
|  | Honorable William T. Thurman |
| Debtor. |  |

### SUPPLEMENTAL DECLARATION OF BENJAMIN J. KOTTER IN CONNECTION WITH APPLICATION FOR EMPLOYMENT OF COHNE KINGHORN

Benjamin J. Kotter, being of lawful age, declares, certifies, verifies and states as follows:

1. I make this verified statement pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure in support of the *Debtor's Application for Authority to Employ Matthew M. Boley and the Law Firm Parsons Kinghorn Harris, P.C. as General Bankruptcy Counsel* [Docket No. 3] (the "Application") filed by Camperworld Business Trust, debtor and debtor-in-possession (the "Debtor").

2. I am a member in good standing of the State Bar of Utah. I am admitted to practice law in all of the State and Federal courts in the State of Utah. I am an attorney

associated with the law firm Cohne Kinghorn ("CK"), which is a professional law corporation headquartered in Salt Lake City, Utah. Parsons Kinghorn Harris P.C. and Cohne Rappaport & Segal, P.C. merged on February 17, 2015 and are now operating under the name "Cohne Kinghorn."

3. Mathew M. Boley previously submitted the *Verified Statement of Matthew M. Boley in Support of Application for Employment of Parsons Kinghorn Harris* (*see* Docket No. 3) (the "Boley Declaration") and this supplemental declaration supplements the information provided in the Boley Declaration.

4. At the time the Boley Declaration was filed, CK's investigation was ongoing. *See* Boley Declaration, ¶3.

5. This supplemental declaration supplements Schedule 1 to the Boley Declaration as reflected on the Schedule 1 attached hereto and incorporated herein by reference.

6. Based upon the information obtained by me to date, I believe that neither I, nor any of the attorneys or employees of CK, has any connection or conflicts of interest with the bankruptcy estate, the Debtor, creditors, any other party in interest, their respective attorneys and accounts, the United States Trustee, or any person employed in the office of the United States Trustee, except as set forth in the Boley Declaration and as set forth herein.

7. Additionally, with the completion of the merger of Parsons Kinghorn Harris, P.C. and Cohne Rappaport & Segal, P.C., CK's investigation is ongoing and CK will continue to review its conflicts database (now supplemented with information from Cohne Rappaport & Segal, P.C.) for any actual or potential conflicts and reserves the right to supplement and amend this declaration should it discover further pertinent relationships that require disclosure in this bankruptcy case.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 17th day of February, 2015.

**PARSONS KINGHORN HARRIS**

 */s/  Benjamin J. Kotter*
Benjamin J. Kotter

### SCHEDULE 1 TO SUPPLEMENTAL DECLARATION OF
### BENJAMIN J. KOTTER IN CONNECTION WITH
### APPLICATION FOR EMPLOYMENT OF COHNE KINGHORN

The following persons are or may be creditors of the Debtor and/or parties against whom the Debtor may hold claims, and who are former clients of the firm (collectively, the "**Former Clients**"):

1. John Blake Taylor
2. Larry and Virginia Bowen
3. Joel and Susan Everts

The firm's investigation revealed a number of former clients with names similar to creditors of the Debtor as listed below.  Further investigation revealed that for those listed below their addresses were different than the creditors whose names were checked by CK and thus they do not appear to be creditors of the Debtor and/or parties against whom the Debtor may hold claims.  Nevertheless, out of an abundance of caution, CK discloses the following persons who are former clients or persons affiliated with former clients of the firm who may be creditors of the Debtor and/or parties against whom the Debtor holds claims:

4. Bruce Anderson
5. Robert Evans
6. Bill and Lorraine Johnson
7. Leon and Pamela Stewart
8. Richard and Nadine Jensen
9. Jeff and Carla Harris
10. Rodney and Lori Clark
11. Michael and Kim Brown
12. Michael and Theresa Brown
13. Richard and Sandra Cook
14. Doyle and Charlene Nelson
15. John Owens
16. Joseph and Tina Smith
17. Lisa and Mark Gardner
18. Robert Lee and Susan Follett
19. Jimmy and Sheila Jones
20. Richard and Paula Smith
21. Robert K. and Dona Peterson
22. Richard and Kathleen Evans
23. Richard and Patricia Gordon
24. James M. and Trudy Adams
25. Scott and Raenell Parry
26. Richard and Ann Scott
27. Richard G. and Nancy Scott
28. Howard King
29. Allan and Judy Smith
30. Richard P. Johnson
31. Michael and Colleen Chandler
32. Kim and Donna Peterson
33. Jimmie and Barbara Christensen
34. Michael and Andrea Smith
35. Keith and Jean Christensen
36. Mark and Debra Nelson
37. David and Shauna Heddlesten
38. Brandy Sturmer and Stacy Clayton
39. Lynn E. and Janice Anderson
40. Ronald and Marie Hansen
41. Edwin and Kimberly Nelson
42. Bruce L. and Barbara Christensen
43. Davie and Kay McKinley Harris
44. Sundie and Shaw Phillips
45. Shaw Phillips
46. Dennis and Gloria Johnson
47. Bradley and Kathleen Miller
48. James W. and Irene Lewis
49. Karen Baker

{00206900.DOCX /}

| | | | | |
|---|---|---|---|---|
| 50. | John and Sharon Taylor | | 57. | Wynn and Annie Passey |
| 51. | Richard and Charlotte Hill | | 58. | Paul A. Taylor |
| 52. | Bruce and Barbara Anderson | | 59. | Chris and Linda Hunter |
| 53. | Robert and Barbara Wood Ii | | 60. | James and Carol Hansen |
| 54. | Michael and Sheila Page Cox | | 61. | Richard and Deborah Anderson |
| 55. | Michael and Nancy Runyan | | 62. | Shaw Phillips |
| 56. | Terin and James Miller | | | |

In any event, so far as I have been able to determine to date, CK represented these former clients in matters completely unrelated to the Debtor.

To date, my investigation has not revealed any current clients of the firm who are also creditors of the Debtor and/or parties against whom the Debtor holds a claim. CK has relationships with numerous clients, some of which may be or may have been creditors, equity holders or other parties in interest in this case. However, neither I nor CK will serve any party in a matter adverse to the Debtor in this case. Also, there may be unrelated matters in which CK has provided and will provide services in the future to various creditors or parties in interest in this case. In my opinion, these current and future representations, if any, do not and will not constitute materially adverse interests.

DATED this 17th day of February, 2015.

**COHNE KINGHORN, P.C.**


_/s/ Benjamin J. Kotter_
Benjamin J. Kotter