Matthew M. Boley, Esq. (8536)
Benjamin J. Kotter, Esq. (9592)
**COHNE KINGHORN, P.C.**
111 East Broadway, 11th Floor
Salt Lake City, UT  84111
Telephone:  (801) 363-4300
E-mail:  mboley@cohnekinghorn.com
         bkotter@cohnekinghorn.com

*Attorneys for* debtor-in-possession
CAMPERWORLD BUSINESS TRUST

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| In re: | Bankruptcy No. 15-20383 |
|---|---|
| **CAMPERWORLD BUSINESS TRUST**, | Chapter 11 |
| Debtor. | Honorable William T. Thurman |

**DEBTOR'S UPDATED STATUS REPORT**

CAMPERWORLD BUSINESS TRUST, debtor and debtor-in-possession (the "Debtor" or "Camperworld") in the above-captioned chapter 11 case (the "Case"), through counsel and in accordance with the Court's instruction at the May 5, 2015 status hearing (the "Hearing") hereby submits this updated status report (the "Status Report") covering the period from May 1, 2015 through today, July 7, 2015.  Interested parties are encouraged to review: (i) the *Debtor's Preliminary Status Report*, dated February 23, 2015 [Docket No. 26]; (ii) the *Debtor's Updated Preliminary Status Report* [Docket No. 96]; and (iii) the *Debtor's Monthly Operating Reports* [Docket No. 42, 74, 94, 137, and 151] for additional information with respect to the Debtor's history prior to its filing for bankruptcy as well as the proceedings in this bankruptcy case.

**I.       Procedural History**

1. On January 20, 2015 (the "Petition Date") the Debtor filed a voluntary chapter 11 bankruptcy petition in order to reorganize and restructure its business and financial affairs and to protect certain core assets owned by the Debtor from being lost through foreclosure.

2. Since the Petition Date, the Debtor has continued to operate its business as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code and no examiner or Trustee has been appointed in this Case.

3. On March 13, 2015, the United States Trustee's Office appointed an Official Members' Committee (the "Committee").

4. On May 15, 2015, the Debtor filed its *Motion for an Order Pursuant to 11 U.S.C. § 1121(d) Extending Exclusive Periods During Which Debtor May File and Solicit Acceptances of a Chapter 11 Plan of Reorganization* [Docket No. 112]. On June 26, 2015, the Court granted Debtor's request and entered its *Stipulated Order Extending Exclusive Period During Which Debtor May File Plan and Solicit Acceptances of a Chapter 11 Plan of Reorganization* extending the respective exclusive periods through July 20, 2015 to file a proposed plan and through September 18, 2015 to solicit acceptances of the proposed plan. (*See* Docket No. 162).

5. On May 26, 2015, the Debtor filed its *Motion for Order Authorizing Debtor to Enter into Premium Finance Agreement and to Provide Adequate Protection* [Docket No. 125] which sought approval of post-petition secured financing to allow the Debtor to acquire general business liability and property insurance policies essential to the ongoing operation of the Debtor's business. On June 16, 2015, the Court granted the Debtor's motion and entered its *Order Authorizing Debtor to Enter Into Insurance Premium Finance Agreement and to Provide Adequate Protection* [Docket No. 152].

6. On May 29, 2015, the Debtor filed its *Motion to Approve Post-Petition Financing* [Docket No. 134] (the "Financing Motion") seeking authority and approval to enter into a post-

petition financing loan from Actium High Yield Loan Fund (II) for up to $500,000 for the purposes of paying the Debtor's ongoing and necessary operating expenses and/or administrative expenses while the Debtor seeks approval of its plan of reorganization and implements that plan while the Debtor's marketing and sales programs are established.  On June 24, 2015, the Court held a hearing on the Debtor's Financing Motion at the conclusion of which it entered its *Order Authorizing Debtor to Obtain Post-Petition Financing Pursuant to 11 U.S.C. § 364* [Docket No. 158].

7. On June 18, 2015, after the Committee and the Debtor were able to reach an agreement regarding the employment of real estate professionals, the Court entered its *Order Approving Debtor's Application for Authority to Employ Newmark Grubb Knight Frank as Real Estate Agents* [Docket No. 153] to assist the Debtor in marketing, selling and/or leasing the Debtor's Hot Springs Property located in Box Elder County, Utah (upon the stipulation of the Debtor and the Committee, the scope of employment may be expanded to include all of the Debtor's real property).

II. **Formulating Chapter 11 Plan of Reorganization**

8. Immediately following the Petition Date, the Debtor began efforts to formulate a proposed plan of reorganization, and has devoted substantial time and resources to move as quickly as possible to a confirmed plan and exit from bankruptcy.

9. Key to the Debtor's success with respect to any plan of reorganization is (i) the treatment of Zions Bank, the Debtor's principal secured creditor, and (2) the support of the Committee.  Accordingly, the Debtor also has spent significant time negotiating with Zions Bank and meeting with the Committee to address various concerns and plan issues.

    A. **Negotiations with Zions Bank**

        (i) Zions Bank is the Debtor's largest secured creditor and is identified on the Debtor's Schedule D as holding a secured claim in the amount of

$4,186,984.17. Zions Bank's claim is secured by trust deed liens against four (4) of the Debtor's campgrounds (Apple Garden Park, Echo Island Park, Hot Springs Resort and Knotty Pines).

(ii) The Debtor and Zions Bank have been engaged in active and extensive negotiations regarding the treatment of Zions Bank's secured claim in a proposed chapter 11 plan of reorganization. The Debtor has provided Zions Bank with financial information, projections and analysis.

(iii) As a result of these negotiations, Zions Bank and the Debtor were able to reach agreement as to the treatment of Zions Bank's claim under the Debtor's proposed plan. Additionally, the Committee has also come around in support of the agreement reached between Zions Bank and the Debtor.

B.  Discussions with the Committee

(i) Since the appointment of the Committee, the Debtor has had extensive discussions with the Committee to inform the Committee of the Debtor's efforts and strategy in the Bankruptcy Case, and to receive input from the Committee in all matters relevant to formulating a successful plan of reorganization.

(ii) Members of the Debtor's current management and board of directors have had lengthy meetings with the entire Committee and its counsel on a near weekly basis to discuss relevant issues. Additionally, individual Committee members have been designated to meet directly with the Debtor's management to review projections and financial information on behalf of the entire Committee.

(iii) The Debtor and Committee also have been actively engaged in negotiations relating to the business structure of a reorganized debtor that would

provide members a greater voice in the Debtor. These negotiations have been productive and recently culminated in an agreed upon board structure and going forward business model for the reorganized debtor. The Committee and the Debtor are actively engaged in incorporating those agreed terms into a proposed plan of reorganization.

10. The Debtor is planning to propose, jointly with the Committee, a proposed plan of reorganization and disclosure statement that is acceptable to Zions Bank before the expiration of the exclusive period.

### III.   The Ongoing Business Operations of the Debtor

11. Since the Petition Date, the Debtor has undertaken substantial efforts to open six of the seven parks to its members, an increase over what was available to members last camping season. Feedback from members using the Debtor's campgrounds has been positive and the Debtor has hosted numerous activities (i.e., holiday gatherings and events) at its various campgrounds.

12. The Debtor continues to be actively engaged in a membership audit to organize records to ensure that accurate membership information is available to the Court and the Committee. This effort has included hiring an accounts receivable specialist who continues to contact individual members that have not paid their annual dues or have other delinquent balances to answer questions, provide additional information and encourage payment and continued involvement in Camperworld.

13. The Debtor is continuing its preparations with respect to formulating a sales and marketing initiative to attract additional new members to Camperworld. Although the Debtor does not plan on selling new memberships until *after* a plan of reorganization has been confirmed, the Debtor is taking steps now to prepare a sales and marketing plan that will be in place and can be implemented quickly following confirmation.

WHEREFORE, the Debtor respectfully submits this Status Report in advance of the status hearing currently scheduled for Monday, July 13, 2015 at 2:00 p.m.

DATED this 7th day of July, 2015.

**COHNE KINGHORN, P.C.**

/s/  Benjamin J. Kotter
Matthew M. Boley
Benjamin J. Kotter
*Attorneys for* debtor-in-possession
CAMPERWORLD BUSINESS TRUST

# CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2015, I electronically filed the foregoing *Debtor's Updated Status Report* (the "Status Report") with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF users.

- **Matthew M. Boley**     mboley@cohnekinghorn.com, jhasty@cohnekinghorn.com
- **John W. Call**     attorneys@ncvlaw.com, john@ncvlaw.com
- **Laurie A. Cayton tr**     laurie.cayton@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Suzanne.Verhaal@usdoj.gov
- **Benjamin J. Kotter**     bkotter@cohnekinghorn.com, jdannenmueller@cohnekinghorn.com
- **David H. Leigh**     dleigh@rqn.com, dburton@rqn.com;docket@rqn.com
- **Quinn A. Sperry**     Quinn@morrissperry.com, sydney@morrissperry.com
- **United States Trustee**     USTPRegion19.SK.ECF@usdoj.gov
- **David T X11Berry**     bt209@berrytripp.com

I also hereby certify that on July 7, 2015 I caused to be served a true and correct copy of the Status Report to be served via First Class U.S. Mail, postage prepaid, addressed to:

**American Commercial Real Estate Specialists Group LLC**
dba Newmark Grubb Acres
1755 E 1450 S, #100
Clearfield, UT 84015

**Steven Clark**
PO Box 23
Plymouth, UT 84330

**Keith Hiatt**
5275 West Lemonwood Street
West Valley, UT 84120

**George McClure**
2775 West 1425 North
Layton, UT 84041

**Glen Hatch**
Camelot Marketing
1320 West Camelot Drive
Provo, UT 84601

**Stayner Bates & Jensen PC**
510 South 200 West #200
PO Box 2995
Salt Lake City, UT 84110

**Mike and Christa Johnson**
10083 South Marble Street
Sandy, UT 84094

**Morris Lehman**
2174 Michaud Creek Road
Pocatello, ID 83204

**WSRP, LLC**
155 N 400 W, #400
Salt Lake City, UT 84103

**James Sorenson**
Ray Quinney & Nebeker, P.C.
36 South State Street, Suite 1400
Salt Lake City, UT 84111

| | |
|---|---|
| **Ric Leyba** <br> 1012 West Recreation Way <br> North Salt Lake, UT 84054 | **Wayne and Monica Wilson** <br> PO Box 142 <br> Salt Lake City, UT 84110 |

Additionally, the Status Report was also served via electronic mail to the parties identified below who requested such email service at the prior hearing:

- James Sorenson (jsorenson@rqn.com)
- Tom Souvall (tsouvall@centurylink.net)
- Michael Johnson (mjohnson@rqn.com)

         */s/ Jennifer Hasty*

{00236315.DOCX /}