Laurie A. Cayton (USB #4557)
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
Ken Garff Building, Suite 300
405 South Main Street
Salt Lake City, UT 84111
Telephone:    (801) 524-3031
Facsimile:    (801) 524-5628
Email: Laurie.Cayton@usdoj.gov

Attorney for Patrick S. Layng, United States Trustee

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH
### CENTRAL DIVISION

| In re:<br><br>**CAMPERWORLD BUSINESS TRUST,**<br><br>Debtor. | **Bankruptcy Case No. 15-20383 WTT**<br><br>(Chapter 11)<br><br>Judge William T. Thurman |
|---|---|

### UNITED STATES TRUSTEE'S MOTION TO DISMISS OR TO CONVERT CASE TO CHAPTER 7 AND MEMORANDUM IN SUPPORT OF MOTION

The United States Trustee, by and through his attorney, Laurie A. Cayton, hereby moves this Court, pursuant to 11 U.S.C. §1112, for an Order Converting this Case to Chapter 7 or Dismissing this Case and in support thereof files this Memorandum in Support of the Motion to Dismiss or to Convert Case to Chapter 7, as follows:

### STATEMENT OF FACTS

1. This Chapter 11 Case was commenced by the filing of a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on January 20, 2015.

2. No Unsecured Creditor's Committee was appointed in the case, however a Members' Committee was appointed on March 13, 2015. No trustee was appointed and the Debtor proceeded as a Debtor in Possession until confirmation and thereafter as the Reorganized Debtor (hereinafter "Reorganized Debtor").

3. On September 2, 2015 an Order Confirming Chapter 11 Plan of Reorganization was entered by the Court.

4. Pursuant to 11 U.S.C. §1107(a) incorporating duties as set forth in 11 U.S.C. §1106(a)(1), including the filing of reports as required by 11 U.S.C. §704(a)(8) and 11 U.S.C. §1106(a)(7), and pursuant to Local Bankruptcy Rule Bank. D. Ut. LBR 2081-1(c), the Reorganized Debtor is required to file a post-confirmation report 90 days after confirmation as required by the Court and quarterly reports thereafter. The Reorganized Debtor has failed to file any post-confirmation reports.

5. Despite numerous requests by the UST for the Reorganized Debtor to provide its post-confirmation reporting, and numerous promises by the Reorganized Debtor's counsel that the reports would be forthcoming, they have failed to file reports for the 3rd and 4th quarters of 2015 and the 1st quarter of 2016.

6. Pursuant to 28 U.S.C. §1930(a)(6), the Reorganized Debtor herein is required to pay a quarterly fee to the Office of the United States Trustee for each quarter he is under the protection of Chapter 11. The Reorganized Debtor has failed paid the pre-confirmation fees as well as the 3rd quarter fee and part of the 4th quarter 2015 fee. However, they have failed to pay the balance of the 4th quarter 2015 fees or the fee owing for 1st quarter of 2016, in the minimum amount of $6,500, based upon estimated disbursements. A

more accurate figure will be provided, once the required reports are filed.

## ARGUMENT

Cause under 11 U.S.C. §1112(b)(1) for the dismissal or conversion of the Case to a case under Chapter 7 of the Bankruptcy Code is not always a fixed standard. As the Court of Appeals stated in the Case of *In re Products Intern, Co.* 395 B.R. 101 (Bkrtcy.D.Ariz., 2008) (9th Circuit):

> "Cause is a flexible standard, subject to the Court's discretion, and does not necessarily involve one or all of the factors set forth in Section 1112(b)(4). Once cause has been established, the Court must then determine whether dismissal or conversion of the case, or the appointment of a Chapter 11 trustee, is in the best interest of creditors and the estate." *Id.* At 107.

> "Generally, such lists are viewed as illustrative rather than exhaustive, and the court should consider other factors as they arise, and use its equitable powers to reach the appropriate result in individual cases." *Id*. At 109.

Pursuant to 11 U.S.C. §1112(b)(1), cause is established to dismiss the case or to convert the present case to one under Chapter 7 of the Bankruptcy Code based upon the following facts.

The Reorganized Debtor has failed to timely proceed with its duties in this reorganization case. The Reorganized Debtor has failed to file its post-confirmation quarterly reports and also failed to pay a significant amount of their quarterly fees post-confirmation.

Pursuant to the foregoing, cause exists pursuant to 11 U.S.C. §1112(b)(4)(F), (unexcused failure to satisfy timely any filing or reporting requirement, and (K) (failure to pay fees) to dismiss the case or to convert the case to a case under Chapter 7 of the Bankruptcy Code.

## CONCLUSION

Based on the foregoing, the Court should enter an order converting this case to one under

Chapter 7 or, in the alternative, an order dismissing this case, and for such other and further relief as the Court deems appropriate under the circumstances.

DATED: June 24, 2016

>                               Respectfully Submitted,
>
>                               _____/s/_____
>                               Laurie A. Cayton
>                               Attorney for Patrick S. Layng
>                               United States Trustee

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that, on June 24, 2016, I caused a true and correct copy of the foregoing **MOTION AND MEMORANDUM IN SUPPORT OF UNITED STATES TRUSTEE'S MOTION TO DISMISS OR TO CONVERT CASE TO CHAPTER 7** to be electronically filed with the Court using the CM/ECF system. I certify that copies of the foregoing were forwarded via U.S. Mail, first class, postage prepaid and properly addressed to the following:

Matthew Boley, Esq.
Counsel for Reorganized Debtor
111 East Broadway
11th Floor
Salt Lake City, UT  84111

Camperworld Business Trust
411 West 7200 South, Suite 300
Midvale, UT  84047

/s/
Laurie A. Cayton